### O'SULLIVAN v. FELIX et al.

(Circuit Court of Appeals, Fifth Circuit. January 30, 1912. Rehearing Denied March 5, 1912.)

#### No. 2,255.

ACTION (§ 19*)—COURTS (§ 375*)—STATUTE APPLICABLE—NATURE OF ACTION.

An action under Rev. St. § 1980 (U. S. Comp. St. 1901, p. 1262), for an assault committed in attempting to prevent plaintiff from voting, in violation of the civil rights act, is one for damages, and not for a penalty, and is governed as to limitation by the statutes of the state where brought.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 105, 106; Dec. Dig. § 19;* Courts, Cent. Dig. § 983; Dec. Dig. § 375.*]

In Error to the Circuit Court of the United States for the Eastern District of Louisiana.

Action at law by E. A. O'Sullivan against Paul Felix and others. Judgment for defendants and plaintiff brings error. Affirmed.

W. S. Parkerson, for plaintiff in error.

Alfred Billings, R. B. Montgomery, and Chas. S. Rice, for defendants in error.

Before McCORMICK and SHELBY, Circuit Judges, and MAXEY, District Judge.

PER CURIAM. We are of the opinion that this is an action for damages, and not for a penalty. The statute of limitation of five years against suits for penalties or forfeitures (R. S. § 1047 [U. S. Comp. St. 1901, p. 727]) is therefore not applicable. We find no federal statute of limitations applicable to the case. It follows that the state

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

statute, which prescribes the action in one year, must be applied. Civil Code of Louisiana, arts. 3536, 3537. We are constrained, therefore, to hold that the trial court correctly ruled that the action is barred.

Affirmed.