[No. 24995. Department Two. July 11, 1934.]

THE STATE OF WASHINGTON, *Respondent,* v. W. B. MITCHELL, *Appellant.*[1]

[1]Reported in 34 P. (2d) 902.

*W. B. Mitchell* (*James T. Lawler,* of counsel), for appellant.

*C. W. Greenough* and *Ralph E. Foley,* for respondent.

GERAGHTY, J.—Appellant was charged by information with the crime of grand larceny. The substance of the charge was that, on or about the fifteenth day of January, 1930, having in his possession, custody and control, as attorney, agent and trustee of J. E. Moe, fifty-five dollars, lawful money of the United States belonging to Moe, the appellant unlawfully converted the same to his own use. Upon trial by a jury, a verdict of guilty was returned, and after the denial of a motion for a new trial, judgment was entered upon the verdict, and this appeal follows.

It was developed by the testimony that the prosecuting witness, Moe, and his wife had been sued in a justice court by a collection agency for the recovery of $56.80. Moe testified that, after the service of the papers upon him, he met appellant, an attorney at law, and told him of the suit. Moe had previously consulted another attorney, who had advised him to make an effort to adjust the matter with Mr. Gillespie, the attorney for the collection agency. Appellant advised

Moe that it would do no good to see Mr. Gillespie, and assured him that he could win the case and it would not cost him anything, as he (appellant) would be perfectly satisfied with whatever attorney's fees the court would allow him for beating the case. Moe let appellant defend the case for him on these terms. The case was lost in the justice court, as well as in the superior court, to which an appeal was taken. Moe testified that he had the same understanding in the superior court; appellant informing him that, if he succeeded in the superior court, the statutory fee would be large enough. Costs in the superior court increased the amount of the judgment to $67.20.

In October, 1929, Moe was called into court on supplemental proceedings by the judgment creditor, appellant acting as his attorney. Moe testified that, in December, 1929, expecting to receive some money that would enable him to satisfy the judgment, he caused inquiry to be made of the attorney for the judgment creditor, and was advised that fifty dollars would be taken in full satisfaction of the judgment. On January 14, 1930, Moe went to appellant's office and asked him to ascertain definitely whether the fifty dollars would be taken in full settlement. On the following day, he went back to appellant's office, and appellant told him he had spoken to Mr. Gillespie, the attorney, and that he would take fifty dollars in settlement. Moe thereupon gave appellant fifty-five dollars. In relation to what was said at this time, Mr. Moe testified:

" 'Now, Mr. Mitchell,' I says, 'I know,' I says, 'I am disappointed in the way things have been going.' I says, 'This case has cost—I would have been much better off to have gone and paid that bill before we ever started in, but what is done is done and I can't help it.' I says, 'You have put in a lot of work and you take this up to Mr. Gillespie. I would sooner give you five dollars than to go up there myself.' I says,

'You take this up to Mr. Gillespie and get a release of that judgment and,' I says, 'this five dollars is yours.' And he gave me a receipt for it.''

The receipt referred to by Moe, introduced in evidence, was as follows:

"January 15, 1930.
"Received of J. E. Moe Fifty-Five and 00-100 Dollars to settle Merchants Account and not to pay anything unless settled in full.
"$55.00-100.                    W. B. Mitchell.''

Shortly after this, Moe visited appellant to inquire if he had secured the release of the judgment, and was told by appellant that the attorney had refused to accept fifty dollars in full settlement, but would apply the sum on the judgment and give time on the balance. Moe testified that, being informed of this, he said to appellant: ''Well, you had better give me the money back then, and I will keep that until we see what takes place;'' to which appellant replied: ''No, you let me keep that, because just as soon as Gillespie finds out that he can't work us, he will be glad to take the money.'' Moe left the money with appellant, because, as he said, ''That was probably the case.'' Thereafter, he made repeated visits to appellant's office to inquire if anything further had been done in the matter.

Subsequent to the deposit of the money with appellant, a writ of garnishment was issued upon the judgment against a mining company in which it was thought Moe or his wife held stock. The appellant appeared for them in this proceeding, and the writ of garnishment was quashed. Appellant testified that, at the conclusion of the garnishment proceedings, he reached an understanding with Moe, by the terms of which the money deposited with him for settlement of the judgment was to be retained as attorney's fees for the services rendered in the various proceedings growing

out of the suit. Moe denied this. As there was no question about the terms upon which the money was originally paid to appellant, the decisive issue of fact in the case was whether, as claimed by him, the original agreement was modified and appellant authorized to keep the money in payment for his services. The jury by its verdict found the facts against appellant's contention, and the judgment thereon must be affirmed, unless the errors assigned require its reversal.

The first error assigned is the court's denial, at the close of the state's case in chief, of appellant's motion to require the state to elect as to the relation upon which it relied—whether that of attorney, agent, or trustee. The court denied this motion when made, but later, in the course of the trial, upon its own motion required the state to make an election whether it would prosecute appellant as attorney and trustee, or as agent. The state elected to prosecute appellant for the larceny of funds entrusted to him as attorney and trustee. Appellant complains of the court's permitting his prosecution in the relation of trustee as well as attorney. As we gather from his argument, he conceives himself to have been prejudiced by the use of the word trustee.

We are unable to see any merit in this contention. The relation of attorney involves the highest personal trust and confidence, and he is bound to discharge his duties to his client with the strictest fidelity. His relation to his client is one of trust. In this instance, while appellant's primary relation to his client was that of attorney, he was as well a trustee for the application of the fund entrusted to him in accordance with his client's instructions.

"Every person who receives money to be paid to another, or to be applied to a particular purpose to which he does not apply it, is a trustee, and may be

sued either at law for money had and received, or in equity, as a trustee, for a breach of trust." *Kane v. Bloodgood,* 7 Johnson's Chancery (N. Y.) 90, 110, 11 Am. Dec. 417.

The next error assigned relates to the refusal of the trial court to permit the introduction in evidence by appellant of the judgment roll of a civil action in a justice court, brought by him against the prosecuting witness, Moe, and his wife. This action was brought by appellant nearly a month after the filing of the information against him. In his complaint he alleged the rendition of legal services of the value of $150, and that there was then owing to him from the defendants, over and above all credits and offsets, the sum of eighty-five dollars. Moe and wife denied the allegations of appellant's complaint, and by way of affirmative defense set up the understanding upon which appellant was employed in the justice court case, alleging that appellant had agreed, if permitted to defend the action, that he would charge nothing whatever for his services, and if successful would be satisfied with the attorney's fees allowed as part of the statutory costs. Upon trial of the case, the justice of the peace found in favor of Moe and wife, and entered judgment dismissing the action with costs against appellant.

The trial court refused to permit the introduction of the judgment roll, upon the ground that a judgment in a civil action is not admissible in evidence in a criminal prosecution as proof of any fact determined by the judgment. The general rule of law is that announced by the trial court, with some apparent exceptions not necessary to be referred to here, because the judgment offered did not come within the terms of any of the exceptions.

Apart from the rule, however, the court correctly excluded the offer, because the judgment was in no way

material to the issue. The justice court's judgment is before us in the record, and it discloses only a dismissal of the action. It does not purport to pass upon appellant's right to retain the money paid to him by Moe. As we understand appellant's argument, it is in effect that the justice court's judgment was in some way declaratory of his right to retain the money. Of course, even if the justice had gone so far as to enter such a judgment, its admission would not have been proper here.

If such a judgment were admissible in favor of appellant, a like judgment finding against him would be admissible. Suppose that in this case, by way of counterclaim, Moe had alleged the delivery of fifty-five dollars to appellant for the specific use mentioned, and its subsequent misappropriation by him, and had recovered a judgment against him for the sum. Certainly it would not be contended that this judgment would be admissible in a criminal prosecution as proof of embezzlement. The accused would be entitled, notwithstanding the outcome of the civil suit, to have his guilt proven beyond a reasonable doubt to the satisfaction of twelve jurors and by witnesses testifying in their presence. *Green v. State,* 184 N. E. (Ind.) 183, 87 A. L. R. 1251.

What we have said above disposes of appellant's further contention under this assignment, that the court erred in overruling his objection to the testimony of the prosecuting witness, Moe, for the reason that the issues he was attempting to prove had been adjudicated in the civil suit.

It is proper, before leaving the discussion of this assignment, to refer to an affidavit by the justice who tried the case, submitted by appellant in support of his motion for a new trial. The affidavit amounts to no more than the impressions of the justice as to what

the issues were in the case tried before him, and, of course, if called as a witness, he would not be permitted to give his impressions and general conclusions, as detailed in the affidavit.

■ There is also embodied in the record a deposition made by the prosecuting witness in the justice court case. The court properly refused to admit the deposition, but offered appellant an opportunity to question the prosecuting witness upon it to show any alleged discrepancies between the witness' testimony in the civil and criminal cases.

We are satisfied that the trial court committed no error in its treatment of the issues raised by appellant's offer of the records in the civil suit in the justice court.

■ The next error urged by appellant is the court's denial of his motion for a directed verdict. He bases this claim of error upon the fact that ''Moe had admitted by his defense in the civil action that he had authorized W. B. Mitchell to retain the funds and apply same on his attorney fees, and had made no demand for the return of any of the money.'' We cannot follow appellant in his contention. While, as we have seen, the record in the civil suit was properly excluded, if admitted it could not have helped appellant, because it did not contain any admission by Moe that appellant had been authorized to retain the money for attorney's fees. As to appellant's contention that no demand was made upon him for the return of the money, the court gave the following instruction:

''If you believe from the evidence that Julius E. Moe placed in the hands of the defendant the sum of fifty dollars to be used by the defendant in bringing about a full settlement of the judgment of the Merchants Rating & Adjusting Company, and that the defendant did not proceed in good faith to carry out the purpose agreed upon, but falsely represented to Moe

that he had taken the matter up with Charles E. Gillespie, representative of that company, and Gillespie had declined to accept said sum in full settlement, and from time to time thereafter falsely represented to Moe that he had been in communication with Gillespie but had not been able to consummate the settlement as stipulated between the defendant and Moe, and by such false representations, if any, induced Moe to believe that he had been unable to accomplish the settlement, and induced Moe to leave the money in his hands by means of assurances that ultimately Gillespie would agree to accept said sum in full settlement; and if you further believe that the defendant used such misrepresentations and gave such assurances in bad faith and with the intent to deprive and defraud Julius E. Moe of said money, then you are instructed that no demand on the part of Moe for the return of said money was necessary to constitute a misappropriation thereof on the part of the defendant.''

This instruction correctly stated the law, and there was evidence warranting the jury in finding against the appellant on the issue of good faith. Moe testified that appellant wrote him he had made an effort to settle the judgment, but failed, as Mr. Gillespie, the attorney for the judgment creditor, as well as its secretary, Mr. Oehler, had refused to compromise. They both testified that appellant had not at any time approached them for a settlement. Under these circumstances, it was not necessary for the jury to find that a specific demand had been made.

Appellant complains of certain instructions given by the court, and of the court's refusal to give certain requested instructions. Passing over the fact that his exceptions to the instructions given and to the court's refusal to give his own were in general terms and did not conform to the rules of this court, we have carefully read the instructions given by the court, and are satisfied that as a whole they fully covered the issues in the

case, and were as favorable to appellant as the law warranted. As we said in the early part of this opinion, taking the case by and large, the decisive issue was whether or not the complaining witness had, as claimed by appellant, consented to the application of the money deposited with him to payment for services rendered. This issue was especially stressed and fully covered by the instructions.

Appellant finally complains of alleged misconduct on the part of the deputy prosecuting attorney, which prevented him from having a fair and impartial trial of this cause. We have read the excerpts from the prosecutor's argument to which appellant directs his complaint, and do not think they exceed the bounds permissible in argument to the jury.

After a painstaking study of the record, we can reach no other conclusion than that the trial court conducted the case with a due regard to appellant's rights, and that the judgment must be affirmed. It is so ordered.

BEALS, C. J., BLAKE, TOLMAN, and HOLCOMB, JJ., concur.