## MITCHELL v. GREENOUGH et al.*
### No. 8874.

Circuit Court of Appeals, Ninth Circuit.
Nov. 18, 1938.

*Rehearing denied 100 F.2d 1006.

Walter B. Mitchell, of Spokane, Wash., for appellant.

Ralph E. Foley and A. O. Colburn, both of Spokane, Wash., for appellees Greenough, Foley, Martin and American Surety Co. of New York.

Post, Russell, Davis & Paine, of Spokane, Wash., for appellees Paine & Webster.

Charles W. Gillespie, of Spokane, Wash., in pro per.

Joseph McCarthy, of Spokane, Wash., for appellees LePage & Moe.

Williams & Redfield, of Spokane, Wash., for appellee Fidelity & Deposit Co. of Maryland.

Before WILBUR, HANEY, and STEPHENS, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from a judgment of the District Court dismissing appellant's complaint for lack of jurisdiction. The appellant predicated jurisdiction upon an alleged cause of action under legislation enacted by Congress during the reconstruction period (Act April 20, 1871, ch. 22, §§ 1, 2, 17 Stat. 13) and now embodied in the United States Code (8 U.S.C.A. §§ 43, 47). The latter section (47) expressly authorizes an action for the recovery of damages. Such an action, unless the claim made is purely colorable, is an action based upon the laws of the United States as to which the federal courts have jurisdiction. O'Sullivan v. Felix, 5 Cir., 194 F. 88, Id., affirmed, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980; McClaine v. Rankin, 197 U.S. 154, 25 S.Ct. 410, 49 L.Ed. 702, 3 Ann.Cas. 500; Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577.

The demurrers in this case also raised the question of the sufficiency of the facts stated in the complaint to constitute a cause of action and pleaded the bar of the statute of limitations. A brief statement of the al-

legations of the complaint, which comprises forty-eight pages of the transcript, is essential to a consideration of the questions involved on this appeal.

Plaintiff alleges that he was convicted in the Superior Court of the State of Washington of the crime of embezzlement, designated as grand larceny under the Washington statutes, and sentenced to a term in the penitentiary; that the judgment of conviction was affirmed by the Supreme Court of the State of Washington, State v. Mitchell, 178 Wash. 196, 34 P.2d 902; that the Governor granted appellant a pre-parole upon condition that he acquiesce in an order of disbarment; that in consequence he signed a consent to disbarment by the state courts of Washington, that an order of disbarment was entered in such state court, and thereafter an order of disbarment was entered in the United States District Court for the Eastern District of Washington; that he did not resist the application for disbarment by the United States District Court. Appellant awaited the expiration of his term of parole and thus secured the benefit of the statute which, in effect, operated to pardon a person who had faithfully performed his obligations as a parolee, and then brought this action charging the Prosecuting Attorney and Deputy Prosecuting Attorney, who prosecuted him, the Superior Court Judge before whom the case was tried, two of the witnesses who testified in the case, and the prosecuting witness, with conspiring to deprive him of his right to practice law in the courts of the state and in the United States District Court, by means of perjured testimony known to the conspirators to be perjured as a means of intimidating the plaintiff into surrendering his right to practice in the state courts and in the United States District Court. The conspiracy charged is claimed to come under the provisions of the federal statutes (8 U.S.C.A. §§ 43, 47, supra). We pause here to observe that the right to practice law in the state court has been held by the Supreme Court not to be a privilege granted by the Federal Constitution or laws. Bradwell v. State of Illinois, 16 Wall. 130, 21 L.Ed. 442; Ex parte Lockwood, 154 U.S. 116, 14 S.Ct. 1082, 38 L.Ed. 929. In Green v. Elbert, 8 Cir., 63 F. 308, the Circuit Court of Appeals held that the conspiracy to deprive a lawyer of his right to practice law in the state courts was not a conspiracy to interfere with any right or privilege "granted, secured or protected by the Constitution of the United States".

The appellant's complaint shows that the main conflict in the testimony before the court in the criminal case was as to whether or not appellant's client had authorized him to retain as his fee $50 which it is admitted had been deposited by the client with him for another purpose. So far as appears from the complaint the only two persons present at the time of the alleged authorization were the plaintiff and the client. Both testified on the trial of the criminal case, the client that he had not authorized the application of the sum of $50 to the payment of plaintiff's attorney fee, and the plaintiff that he had done so.

Appellant alleged in his complaint that the prosecuting attorney and his assistant, as well as the Judge and the witnesses whom he sues, knew that the testimony given by the client and by the other witnesses was false, and that the prosecuting attorney, with that knowledge, placed the client on the witness stand in the criminal action and supported his testimony by the corroborating witnesses who were also made defendants in this action. Upon these allegations appellant contends that the conviction was an absolute nullity under the decisions of the Supreme Court of the United States in Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406; Brown v. State of Mississippi, 297 U.S. 278, 56 S.Ct. 461, 80 L.Ed. 682.

It is a familiar rule of pleading in cases involving delay in the beginning of actions, where it is sought to delay beyond the statutory period by an allegation that the plaintiff did not know or discover the facts upon which he bases his action until a certain date, that such allegation must be fortified by a statement of facts which justifies the claim of ignorance, and this requires a statement of the circumstances under which the discovery was made as well as the reasons for prior ignorance. Lady Washington Consol. Co. v. Wood, 113 Cal. 482, 45 P. 809; Wood v. Carpenter, 101 U.S. 135, 140, 25 L.Ed. 807.

There is an attempt on the part of the plaintiff in his complaint to meet the rule that we have stated by alleging that a short time after the information against appellant was filed, a civil action was brought by the plaintiff against his client involving the question of fees, wherein appellant claims the client alleged and testified that the $50 in question had been applied by his direction upon appellant's claim for attorney fees. We do not wish to be understood as holding that under the doctrine of Mooney v. Holohan, supra, a mere allegation of the knowing use of perjured testimony in a criminal case is sufficient to invoke the power of the court or to require an answer to the charge, but we base our decision herein upon other grounds.

## The Civil Rights Bill.

The federal statute relied upon (8 U. S.C.A. §§ 43, 47) was enacted in 1871 to enforce the rights granted by the Thirteenth and Fourteenth Amendments to the Constitution, U.S.C.A.Const. Amends. 13, 14. We set out in the margin the clauses of 8 U.S. C.A. § 47 deemed applicable by the plaintiff.[1] The question then is whether or not a conspiracy to secure a conviction of a criminal offense in a court having jurisdiction thereof and of the defendant by knowingly using perjured testimony to convict an innocent person, is a conspiracy for the purpose of impeding the due course of justice in an attempt to "deny to any citizen the equal protection of the laws". It is only in case of a conspiracy to effectuate such a purpose that one damaged in his person or property, or deprived of his rights as a citizen of the United States, is entitled to maintain an action for damages in the federal courts under the statute. (8 U.S.C.A. § 47, supra).

No such purpose was involved in the alleged conspiracy in the case at bar. Ap-

---

[1] 8 U.S.C.A. § 47:

* * * * * *

"(2) If two or more persons * * * conspire to deter, by * * * threat, any party * * * in any court of the United States from attending such court * * * or if two or more persons conspire for the purpose of impeding * * * the due course of justice * * * with intent to deny to any citizen the equal protection of the laws * * * or to injure him or his property for lawfully enforcing * * * the right of any person, or class of persons, to the equal protection of the laws;

"(3) * * * in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages."

pellant was subjected to no greater hazard than any other individual in the state, namely, the hazard of being prosecuted for a crime and convicted by false testimony, and if the prosecuting officer of the county were sufficiently corrupt to use his high office for the purpose of convicting innocent people by perjured testimony, all the citizens within his jurisdiction would be subject to the same hazard.

It is clear that conspiracy to deny the defendant due process of law is not a conspiracy to deny a person "equal protection of the law", within the meaning of that phrase as used in the Fourteenth Amendment, U.S.C.A.Const. Amend. 14, and the act under consideration (8 U.S.C.A. § 47, supra). The two propositions are quite distinct. Tinsley v. Anderson, 171 U.S. 101, 106, 18 S.Ct. 805, 43 L.Ed. 91. The prohibition against "denial of the equal protection of the law" was to prevent class legislation or action. It follows that the plaintiff has failed to state a cause of action within the terms of the federal statute (8 U.S.C.A. § 47, supra) upon which he relies. Inasmuch, however, as the only cause of action alleged is one under that statute such claim is not without color. The District Court had jurisdiction of the action founded upon a federal statute and, consequently, had jurisdiction to decide that the plaintiff had failed to state a cause of action under that statute.

### Statute of Limitation.

■ The demurrer in the case at bar raises the question of the running of the statute of limitation. It is agreed that the state statute fixing a two-year period of limitation is applicable. (Sec. 165, Rem.Rev.Stat. of Washington). More than two years elapsed after the judgment of disbarment in the federal and in the state courts.

It seems also to be agreed, at any rate, it is clear, that the cause of action arose, if at all, at the time of plaintiff's disbarment, which is the injury of which he complains. Plaintiff, however, claims that the two-year period was tolled under Sec. 169 of the Rem-ington Revised Statutes of Washington, which provides "if a person entitled to bring an action mentioned in this chapter, except for a penalty or forfeiture * * * be, at the time the cause of action accrued * * * imprisoned on a criminal charge, or in execution under the sentence of a court for a term less than his natural life, the time of such disability shall not be a part of the time limited for the commencement of an action". The plaintiff claims that he was "in execution under a sentence of the court" until his parole expired on August 11, 1936, when he was restored to his civil rights. It is evident that the phrase "imprisonment on a criminal charge" refers to one who is imprisoned but not yet convicted, and that the clause with reference to "execution" deals with one who is imprisoned in execution of a sentence. The law of Washington provides that the parole shall be construed "simply as a suspension of his sentence and a permit granted to the convicted to go without the enclosure of the prison". Rem.Rev.Stat.Wash. § 10249.[2] In State v. Horne, 52 Fla. 125, 42 So. 388, 7 L. R.A.,N.S., 719, it is held that the time a person was out on parole was no part of the execution of his sentence. The same conclusions were reached by the court in Commonwealth ex rel. Attorney General v. Minor, 195 Ky. 103, 241 S.W. 856. The purpose of the statute tolling the period of limitation is evidently to protect those who are incapable of protecting themselves by reason of minority, insanity or actual imprisonment. The plaintiff, during the time he was on parole, was under no such disability. He does not bring himself either within the purpose or letter of the statutory exceptions and it must be held that the action was barred by the two-year period of limitation.

Judgment of dismissal for want of jurisdiction is reversed and the case is remanded to the trial court with instructions to dismiss the case for the reason that the complaint does not state a cause of action and that the action is barred by the statute of limitation.

---

2 "§ 10249. *Time of sentence runs with parole—Breaking of parole.* This act shall not be construed to in any sense operate as a release of any convict paroled under its provisions, but simply as a suspension of his sentence and a permit granted to such convict to go without the inclosure of the prison. At the expiration of the time for which he was originally sentenced, if he has faithfully complied with his parole the original sentence shall be held to be revoked, and said convict shall stand as fully pardoned of the crime for which he was convicted. If, however, any convict while on parole shall go beyond the limits of the state without written permission from the governor he shall be held to be an escaped convict and treated as such and retaken."