22973

Edward F. MERRIMAN, Appellant v. Robert Lowe MINTER, and WCSC, Inc., d/b/a WCSC-TV, Respondents.

(378 S. E. (2d) 441)

Supreme Court

*Joseph F. Kent, Guardian ad litem,* Charleston, *for appellant.*

*Thomas A. Tisdale* and *Stephen P. Groves,* Charleston, *for respondent WCSC, Inc.*

*M. Dawes Cooke,* Charleston, *for respondent Robert Lowe Minter.*

Heard Oct. 5, 1988.

Decided Feb. 21, 1989.

*Per Curiam:*

Appellant commenced this action while incarcerated on a lifetime sentence for murder. He alleged respondent Minter, a police investigator, gave false information to respondent WCSC-TV during the trial of his case indicating that appellant had hired someone to kill the State's witness-in-chief. This information was broadcast by WCSC-TV.

Appellant filed his complaint in March 1986, three years after the alleged libel occurred. Respondents moved for dismissal on the ground the action was barred by the two year statute of limitations under S. C. Code Ann. § 15-3-550(1) (1976). Appellant argued in return that he was entitled to a five-year disability by virtue of his status as an inmate pursuant to S. C. Code Ann. § 15-3-40(3) (Supp. 1987). The trial judge found the disability did not apply to an inmate serving a life sentence and dismissed the action as untimely.

Section 15-3-40(3) provides for tolling of the applicable statute of limitations if the person entitled to bring the action is at the time the cause of action accrued "imprisoned on a criminal or civil charge or in execution under the sentence of a criminal court for a term less than his natural life." This disability may be claimed for a maximum of five years.

Appellant argues on appeal that the statute is unconstitutional because it deprives him of equal protection. He claims there is no rational basis to exclude a lifetime prisoner from the class of inmates entitled to the disability.

This constitutional argument was not raised below nor ruled on by the trial judge and should not be considered for the first time on appeal. *Talley v. S. C. Higher Ed. Tuition Grants Comm.,* 289 S. C. 483, 347 S. E. (2d) 99 (1986).

Appellant further claims the statute is unconstitutional as applied to him because he will be eligible for parole after twenty years and therefore he stands in the same position as one convicted for a term less than life.

This argument is without merit. Appellant was sentenced for murder under S. C. Code Ann. § 16-3-20(A) (1985) which provides he is not eligible for parole until the service of twenty years. An award of parole, however, is discretionary with the Parole Board even after appellant becomes eligible. S. C. Code Ann. § 24-21-640 (Supp. 1987). Appellant's status

is therefore not the same as that of an inmate serving a definite term of twenty years.

Accordingly, the judgment of the circuit court is

Affirmed.

TOAL, J., dissenting in separate opinion.

TOAL, Justice (dissenting):

I respectfully dissent. First, I believe the Equal Protection argument was properly raised in the lower court. In Merriman's *pro se* document, entitled "Plaintiff's Traverse to Defendant's Motion for Summary Judgment," he asserted that he "suffer[ed] a disability as to the tolling of the statute of limitations and the same does not run for him." Although inartfully drafted, I think Merriman sufficiently underscored the disparate treatment received by him as compared to other prisoners who are entitled to the tolling of statutes of limitation pursuant to the disability statute. As such, I find that the constitutional issue is properly preserved for review.

Having found that the constitutional issue is properly preserved, it must be determined whether Merriman was denied equal protection of the laws because he, as a prisoner for life, was not afforded the disability status granted to other prisoners under S. C. Code Ann. § 15-3-40 (Law Co-op 1976). Section 15-3-40 tolls the statute of limitations for an action if "at the time the cause of action accrued," ... the person is "imprisoned on a criminal or civil charge or in execution under the sentence of a criminal court for a term less than his natural life." Merriman was sentenced to prison for life.

When reviewing a statute challenged on Equal Protection grounds, our court gives great deference to a legislatively created classification, and the classification will be sustained if it is not plainly arbitrary and there is "any reasonable hypothesis" to support it. *Samson v. The Greenville Hospital System,* 295 S. C. 359, 368 S. E. (2d) 665 (1988). To withstand constitutional scrutiny, three conditions must be satisfied: "(1) the classification bears a reasonable relation to the legislative purpose sought to be effected; (2) the members of the class are treated alike under similar circumstances and conditions; (3) the classification rests on some

reasonable basis." *Smith v. Smith*, 291 S. C. 420, 424, 354 S. E. (2d) 36, 39 (1987).

The legislative purpose of Section 15-3-40(3) is to provide limited relief to several classes of citizens, including prisoners, to prevent statutes of limitation from running while a disability is in effect. I find that classifying prisoners as "disabled" does bear a reasonable relation to the legislative purpose sought to be effected.

Second, the members of the class, the prisoners, must be treated alike under similar circumstances and conditions. I find that Merriman, sentenced to prison for life, is treated differently from the class of prisoners because he cannot avail himself of the disability statute as other prisoners can. Thus, in my opinion, Section 15-3-40(3) does not pass constitutional muster because it treats prisoners who are "similarly situated" disparately.

Additionally, I find that classifying Merriman in a category different from all other prisoners is not founded on any reasonable basis. With the advent of parole, Merriman is not likely to serve a term as long as his natural life. Therefore, I conclude that it is unconstitutional not to allow Merriman to take advantage of the disability statute which would have tolled the statute of limitations for his cause of action for libel.

I find that Section 15-3-40 violates the Equal Protection clause because it treats persons who are similarly situated, prisoners, disparately for no rational reason. I would, therefore, reverse the decision of the trial judge granting summary judgment and remand this matter for a hearing on the merits.