**Kenneth A. BIANCHI, Plaintiff,**

v.

**Larry KINCHELOE, et al., Defendants.**

**No. C–88–225–JLQ.**

United States District Court,
E.D. Washington.

June 2, 1989.

Nancy E. Horgan, Seattle, Wash., for plaintiff.

Glenn L. Harvey, Asst. Atty. Gen., Olympia, Wash., for defendants.

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

QUACKENBUSH, District Judge.

BEFORE THE COURT are defendants' Motion To Be Allowed Supplemental Briefing and Motion for Reconsideration or Certification heard without oral argument on May 29, 1989. Plaintiff is proceeding pro se. Martin E. Wyckoff represents defendants. Having reviewed the record, and being fully advised in this matter IT IS HEREBY ORDERED that defendant's Motion To Be Allowed Supplemental Briefing is GRANTED and Motion for Reconsidera-

tion or Certification is DENIED for the following reasons.

Fed.R.Civ.P. 15(d) provides that a court may permit a party to provide supplemental pleading setting forth transactions which have happened since the date of the original pleading. Defendants have filed a supplemental brief regarding their Motion for Reconsideration, which the court has accepted and reviewed. Accordingly, defendant's Motion To Be Allowed Supplemental Briefing is GRANTED.

Having reviewed defendant's supplemental briefing, the court is satisfied that the original ruling denying defendant's Motion to Dismiss based on the statute of limitations is correct.

Defendants cite *Merriman v. Minter*, 378 S.E.2d 441 (S.C., 1989). Additionally, defendants have provided this court with an Order entered in the Western District of Washington in *Kenneth A. Bianchi v. Bellingham Police Department*, Case No. C–88–392–S granting defendant's Motion for Summary Judgment. This court finds neither of these sources to be dispositive of this action.

■ Obviously, a decision by the South Carolina Supreme Court interpreting South Carolina statutes is not binding on this court. Neither is the Sixth Circuit decision in *Higley v. Michigan Department of Corrections*, 835 F.2d 623 (1987), cited by defendants. This court is bound by United States Supreme Court and Ninth Circuit decisions.

■ The Supreme Court has very recently addressed the issue of state statutes of limitation and tolling statutes in the context of prisoner civil rights complaints. The Court held that limitations periods in section 1983 suits are to be determined by reference to the state's statute of limitations *and the coordinate tolling rules*. *Tyrone Victor Hardin v. Dennis Straub*, — U.S. —, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989) (emphasis added).

The Court found that tolling is neither inconsistent with, nor required by, section 1983's goal of compensating persons whose constitutional rights have been violated.

The Court recognized that many prisoners are willing and able to file section 1983 suits while in custody and that therefore a state reasonably could decide that there is no need to enact a tolling statute applicable to such suits. However, the Court disagreed with the Sixth Circuit Court of Appeals decision in *Higley, supra* finding that the Michigan tolling provision did not apply to a prisoner's § 1983 action stating:

> Alternatively, a State reasonably might conclude that some inmates may be loathe to bring suit against adversaries to whose daily supervision and control they remain subject, or that inmates who do file may not have a fair opportunity to establish the validity of their allegations while they are confined. The Michigan tolling statute reflects a legislative decision to lessen any such difficulties by extending the time in which prisoners may seek recovery for constitutional injuries. Such a statute is consistent with section 1983's remedial purpose.

The Court noted other state statutes which currently allow some tolling of the limitations period for prisoners' lawsuits including Washington's RCW § 4.16.190.

In short the Supreme Court ruled that if a state has a tolling provision which applies to prisoners, it is to be applied in prisoner § 1983 suits. Clearly, RCW § 4.16.190 is such a provision tolling the statute of limitations while a prisoner is imprisoned in execution under the sentence of a court for a term less than his natural life. This court does not find that statute to be ambiguous requiring interpretation by the Washington Supreme Court. The term "less than natural life" is clear. A person who is released on parole is not imprisoned for his entire natural life.

The Report and Recommendation of Magistrate Sweigert in *Kenneth A. Bianchi v. Bellingham Police Department*, adopted by the district court without comment, noted that Mr. Bianchi was serving a life sentence but did not address the fact that his sentence is life with the possibility of parole.

As this court previously discussed in the Order Denying Defendant's Motion to Dis-

miss, under an equal protection analysis, there is no rational basis for treating a prisoner serving a sentence of life with the possibility of parole any differently than a prisoner serving a lengthy set period of time. Equal protection is a constitutional issue, which need not be deferred to the Washington Supreme Court. Accordingly, defendant's Motion for Reconsideration or for Certification is DENIED.

IT IS SO ORDERED.