**Kenneth A. BIANCHI,**
**Plaintiff–Appellant,**

**v.**

**BELLINGHAM POLICE DEPARTMENT;**
**Terry Wight; Terry Mangan; David**
**McEachran, Defendants–Appellees.**

**No. 89–35053.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 9, 1990 *.

Decided July 26, 1990.

---

\* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Robert L. Christie and Scott Stewart, Waitt, Johnson & Martens, Seattle, Wash., for defendants-appellees Terry Wight and Terry Mangan.

Randall J. Watts, Chief Deputy Pros. Atty., Bellingham, Wash., for defendant-appellee David McEachran.

Kenneth A. Bianchi, Walla Walla, Wash., pro se.

Before WRIGHT, REINHARDT and O'SCANNLAIN, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

This is a § 1983 action. Kenneth Bianchi appeals the dismissal of complaint on statute of limitation grounds. He argues that his continuous incarceration from the time of his arrest tolls the running of the limitation period. We agree, reverse and remand.

## BACKGROUND

Bianchi is a convicted mass murderer[1] serving two consecutive life sentences in the state of Washington. When those sentences are completed, he will be returned to California to serve life sentences for five counts of murder and for conspiracy to commit murder.

He was arrested on suspicion of murder on January 12, 1979, by the Bellingham, Washington Police Department. Three days later, on January 15, he was charged with possession of stolen property. Although the record does not indicate when he was charged with murder, at some point he was booked for investigation of homicide. On October 19, 1979, he pleaded guilty to two counts of murder in Washington and agreed to plead guilty to five counts of murder in California.

He was transported to California to serve as a material witness in investigation of the California murders. He remained in custody there until January 1984, when he was returned to Washington to serve his two consecutive life sentences.

In April 1988, he brought a § 1983 action against the Bellingham police department, the Whatcom County Prosecuting attorney, the Chief of Bellingham Police and an officer in that department. He alleged that the stop, arrest, treatment during his detention, and period of detention exceeded constitutional limitations and that probable cause to arrest had been lacking.

The defendants moved for summary judgment, arguing that the claim was barred by the statute of limitation and by collateral estoppel. A magistrate recommended that summary judgment be granted on the statute of limitation ground and the district court adopted the recommendation. The collateral estoppel issue was not reached.

## STANDARD OF REVIEW

We review de novo the district court's granting of summary judgment, *Kruso v. Int'l Tel. and Tel. Corp.*, 872 F.2d 1416, 1421 (9th Cir.1989), and apply the standards set forth in Fed.R.Civ.P. 56(c). *Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir.1986).

## ANALYSIS

■ In determining limitation issues in § 1983 actions, we look to state statutes of limitation for personal injury cases. *Wilson v. Garcia*, 471 U.S. 261, 268–71, 105 S.Ct. 1938, 1942–44, 85 L.Ed.2d 254 (1985).

---

1. The murders committed by Bianchi and his co-conspirator, Angelo Buono, in California became known as the "Hillside Strangler" murders.

The relevant statutes in this case are § 4.16.100 and § 4.16.080 of the Washington Revised Code. Read in conjunction, these sections instruct that Bianchi's maximum time period for filing his § 1983 action was within 2–3 years of the allegedly unconstitutional detention and arrest.[2] Because his actual filing occurred more than nine years after the arrest, his action is time-barred unless it falls within the Washington state tolling statute.

### Tolling Under § 4.16.190

■ Relevant state tolling statutes are applicable to prisoners' civil rights suits. *See Hardin v. Straub,* —— U.S. ——, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989). Wash. Rev.Code § 4.16.190 (1989) provides:

> If a person entitled to bring an action mentioned in this chapter, ... at the time the cause of action accrued [is] either under the age of eighteen years, or incompetent or disabled to such a degree that he or she cannot understand the nature of the proceedings, ... or *imprisoned on a criminal charge, or in execution under the sentence of a court for a term less than his natural life,* the time of such disability shall not be part of the time limited for the commencement of action.

(emphasis added). Bianchi's continuous incarceration since his arrest requires us to construe both the "imprisoned on a criminal charge" phrase and the "in execution under a sentence of a court" phrase.

### Imprisoned on a Criminal Charge

■ Appellees make no challenge to the applicability of this portion of the tolling statute to Bianchi. Reasonable minds, nevertheless, may differ over whether the phrase refers only to incarceration after arraignment, in which case the limitations period would have begun to run while he was imprisoned but not yet formally arraigned, or merely any incarceration. We

**2.** Wash.Rev.Code § 4.16.100 (1989) provides that an action for false imprisonment must be brought within 2 years and applies also to actions for false arrests. *Heckart v. City of Yakima,* 42 Wash.App. 38, 708 P.2d 407 (1985).

conclude, however, that tolling is triggered by imprisonment, not arraignment.

In *Mitchell v. Greenough,* 100 F.2d 184, 187 (9th Cir.1938), we stated "that the phrase 'imprisonment on a criminal charge' refers to one who is imprisoned but not yet convicted." No mention was made of any distinction between imprisoned but not yet formally arraigned. We pointed out that the purpose of the tolling statute was to "protect those who are incapable of protecting themselves by reason of minority, insanity, or *actual imprisonment." Id.* (emphasis added).

This purpose, however, is served only when the incapacity is continuous throughout the time the cause of action would accrue. For example, in *Krug v. Imbordino,* we held that a prisoner could not benefit from the Arizona tolling statute when his incarceration had not been continuous during the accrual period of his action. 896 F.2d 395, 397 (9th Cir.1990) (plaintiff "not imprisoned 'at the time the cause[s] of action occurred' ").

In light of these precedents, we hold that actual, uninterrupted incarceration is the touchstone for determining disability by incarceration. *See also Hurst v. Hederman,* 451 F.Supp. 1354, 1355 (N.D.Ill.1978) ("uninterrupted incarceration prior to conviction is surely as much a disability as post-conviction incarceration"—construing Illinois law). Bianchi has been continuously imprisoned since his arrest. He is entitled to tolling under § 4.16.190 for the period he was imprisoned prior to his conviction and sentence.

### Life Sentences & Natural life

■ Appellees argue that Bianchi falls without the "in execution of a sentence" language because his sentence is for life. They reason that a life sentence by definition cannot be for "less than his natural life." Wash.Rev.Code § 4.16.190. Bianchi counters that his life sentences may be for

§ 4.16.080 states in pertinent part "any other injury to the person or rights of another not hereinafter enumerated" are to be brought within 3 years.

less than his natural life due to the possibility of parole.

Wash.Rev.Code § 9.95.115 (1989) allows the discretionary granting of parole to any prisoner "under a mandatory life sentence for a crime committed prior to July 1, 1984, except the person sentenced to life without the possibility of parole" who has served 20 continuous years of incarceration. The distinction made within the provision between life sentences with parole possibility and life sentences with no parole possibility raises the possibility that Bianchi's sentence may be for a term less than his natural life.

Neither the magistrate nor the district judge addressed this distinction. Appellees urge us to ignore it, arguing that because a prisoner has no constitutionally protected interest in parole the possibility is too speculative to affect the meaning of the term "life sentence."

Appellees' authority for this argument sheds little light on the distinction between a life sentence without possibility of parole and one with possibility of parole. Although two state cases do address the distinction, *Merriman v. Minter*, 298 S.C. 110, 378 S.E.2d 441 (1989) and *Hunter v. Hunter*, 361 Mo. 799, 237 S.W.2d 100 (1950), we decline to follow those state courts.

We agree instead with Judge Quackenbush in *Bianchi v. Kincheloe, et. al*, in which he stated "the term 'less than natural life' is clear. A person who is released on parole is not imprisoned for his entire natural life." 714 F.Supp. 443, 444 (E.D. Wash.1989).[3] The discretionary nature of parole is irrelevant. On its face, the Washington statute distinguishes between two kinds of life sentences. Had the legislature intended no distinction, then it need

not have excepted "those persons sentenced to life without parole" from the parole statute. *See* Wash.Rev.Code § 9.95.115 (1989).

A person sentenced to life with the possibility of parole has the potential one day to live free of confinement. A person sentenced to life with *no* possibility of parole has no such potential. Such is the difference between hope and hopelessness on the part of both jailer and prisoner.

We conclude that Bianchi is entitled to the benefits of the Washington tolling statute because he has been either imprisoned on a criminal charge or serving a sentence of less than his natural life during the period his claim accrued.

The case is REVERSED and REMANDED to the district court.[4]

O'SCANNLAIN, Circuit Judge, dissenting:

I do not agree with the court that Bianchi's claims for unlawful arrest and detention are saved by the Washington Code's tolling provision. In my view, the statute of limitations has run on these claims and we must affirm the district court's order of dismissal. I therefore respectfully dissent.

The court notes that Bianchi has been continuously imprisoned since his arrest in 1979 and then "hold[s] that actual, uninterrupted incarceration is the touchstone for determining disability by incarceration." *Ante* at 1318. If Washington law provided for a general disability by incarceration, I would agree with this holding. The Washington legislature, however, has not so provided.

The Washington tolling statute teaches that if one entitled to bring an action is, "at the time the cause of action accrues either

---

**3.** We do not, however, adopt Judge Quackenbush's equal protection analysis because we believe the issue may be decided solely by reference to the statutory language.

Neither party has addressed the issue whether Judge Quackenbush's decision collaterally estops renewed litigation of this issue. Such an argument necessarily would involve demonstrating some type of privity or uniformity of interests between the defendants in both cases and we decline to consider the argument sua sponte.

**4.** The issue of what collateral estoppel effect Bianchi's previous guilty pleas have in this case is arguably within the scope of our review despite the district court's neglect of the issue. *Telco Leasing Inc. v. Transwestern Title Co.*, 630 F.2d 691, 693 (9th Cir.1980) (appellate court has discretion to consider pure legal issue neglected by district court). We prefer to allow the district court a first pass at the question and decline to exercise our discretionary review.

under the age of eighteen years, or incompetent or disabled [to a particular degree], or imprisoned on a criminal charge, or in execution under the sentence of a court for a term less than his natural life, the time of such disability" shall not be included for statute-of-limitations purposes. Wash.Rev. Code § 4.16.190 (West 1988). I agree with the court that Bianchi's causes of action accrued when he was allegedly unlawfully arrested and detained from January 12 to January 15, 1979. We also generally agree that Bianchi was "imprisoned on a criminal charge" during this time.

Yet the court goes on to give Bianchi the benefit of another disability: that of being "in execution under the sentence of a court for a term less than his natural life." *Id.* The court does so even though it concedes, in the words of the Washington statute, that Bianchi was not suffering from this second disability "at the time the cause of action accrue[d]." *Id.* Bianchi was not "in execution under the sentence of a court" *until* he was convicted and sentenced in Washington in October 1979. This conviction and sentencing took place several months after Bianchi's arrest—that is, several months after the incidents of which he complains had occurred and his causes of action had accrued.

In my view, the tolling provision ceased to be effective and the statute of limitations began to run on Bianchi's claims upon his conviction and sentencing. As the court concedes, Bianchi's disability of being "imprisoned on a criminal charge" was then removed. The Washington legislature has declared irrelevant the fact that another disability (*viz.*, being "in execution under the sentence of a court") was put in its place. Section 4.16.250 of the Washington Code provides that *"[n]o person shall avail himself of a disability unless it existed when his right of action accrued."* Wash.Rev.Code § 4.16.250 (1988) (emphasis added). In light of the unambiguous language of sections 4.16.190 and 4.16.250, there is no basis for tacking together two separate disabilities.

The court would rely on "the purpose" of the Washington tolling statute, which is to " 'protect those who are incapable of protecting themselves by reason of minority,

insanity or *actual imprisonment.*' " *Ante* at 1318 (quoting *Mitchell v. Greenough,* 100 F.2d 184, 187 (9th Cir.1938), *cert. denied,* 306 U.S. 659, 59 S.Ct. 788, 83 L.Ed. 1056 (1939)) (emphasis court's). Yet, by giving Bianchi the benefit of a disability from which he was not suffering when his causes of action accrued, the court's holding runs against the plain language of sections 4.16.190 and 4.16.250. We should not rely on the "purpose" of statutes when to do so requires rendering meaningless unambiguous words. *See Tennessee Valley Auth. v. Hill,* 437 U.S. 153, 184 n. 29, 98 S.Ct. 2279, 2296 n. 29, 57 L.Ed.2d 117 (1978) ("When confronted with a statute which is plain and unambiguous on its face . . . ., it is not necessary to look beyond the words of the statute.") (emphasis removed); *Central Montana Elec. Power Coop. v. Administrator of the Bonneville Power Admin.,* 840 F.2d 1472, 1478 (9th Cir.1988) ("We avoid any statutory interpretation that renders any section superfluous and does not give effect to all of the words used by Congress.").