952 F.2d 408
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Andre Brigham YOUNG, Plaintiff-Appellant,
v.
James R. HARVEY, husband and wife, and the marital community
composed thereof; JANE DOE HARVEY, Defendants-Appellees.
 No. 90-35258.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 8, 1992.*
Decided Jan. 10, 1992.
 
 Before EUGENE A. WRIGHT, WILLIAM A. NORRIS and CYNTHIA HOLCOMB HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Andre Young appeals pro se the district court's dismissal of his section 1983 claim. He contends the court erred in finding that the statute of limitation barred his complaint. We affirm.
 
 
 3
 In determining the applicable limitations period for section 1983 actions, we look to the state statute of limitation for personal injury cases. Wilson v. Garcia, 471 U.S. 261, 279-80 (1985). We also consider the relevant state tolling statutes applicable to prisoners' civil rights suits. Hardin v. Straub, 490 U.S. 536, 543 (1989).
 
 
 4
 Under Washington law, Young had three years to file his section 1983 action. Wash.Rev.Code § 4.16.080. The statute tolls the limitation period when one is "imprisoned on a criminal charge, or in execution under the sentence of a court for a term less than his natural life." Wash.Rev.Code § 4.16.190. This tolling statute, however, benefits only those prisoners who have been continuously imprisoned during the time their causes of action would accrue. See Bianchi v. Bellingham Police Dept., 909 F.2d 1316, 1318 (9th Cir.1990).
 
 
 5
 Here, the alleged injury occurred between July 1974 and August 1977, while Harvey was Associate Superintendent of the Washington State Penitentiary. Young filed his claim at least ten years after the period of limitation had expired. The tolling statute does not apply because he was paroled in 1980.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3