28 F.3d 106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Victor G. GOCKEN, Plaintiff-Appellant,
v.
CITY OF AUBURN; Auburn Police Department; Jake Evans,
Chief of Police, A.P.D.; Wilard Lathrop,
Detective, A.P.D.; Robert Phillips, Id
Tech., A.P.D.; et al.,
Defendants-Appellees.
 No. 93-35752.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided July 7, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Victor G. Gocken, a Washington state prisoner, appeals pro se the district court's grant of summary judgment for the City of Auburn and several individual police officers in his 42 U.S.C. Sec. 1983 action. Gocken alleged that he was subjected to unreasonable search and seizure, and deprived of personal property without due process in the investigation leading to his 1991 first-degree murder conviction. Gocken contends the district court erred by: (1) finding that his Fourth Amendment claim was barred by collateral estoppel; (2) denying his due process claim because he failed to state a claim upon which relief could be granted; (3) denying him leave to amend his complaint; and (4) denying his motion for appointment of counsel. We review de novo, Bianchi v. Bellingham Police Dep't, 909 F.2d 1316, 1317 (9th Cir.1990), and affirm.
 
 
 3
 * Collateral Estoppel
 
 
 4
 Gocken challenges the constitutionality of two warrantless searches which led to the discovery of the victim's body in her home. He contends the district court erred by ruling that this claim was collaterally estopped based upon the Washington state courts' rejection of the his suppression motions made at trial and on appeal. Gocken argues that: he had new issues to raise regarding the searches; the state court suppression hearing did not constitute a full and fair opportunity to litigate his claim; and the state court did not protect his federal rights.
 
 
 5
 The Full Faith and Credit Act, 28 U.S.C. Sec. 1738, requires federal courts to give a state court judgment the preclusive effect that the judgment would have in the state court. Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 364 (9th Cir.1993). Under Washington law, issue preclusion or collateral estoppel is available where: (1) the identical issue was decided by the prior adjudication; (2) there was a final judgment on the merits; (3) the party against whom preclusion is sought was a party or in privity with a party to the prior adjudication; and (4) the application of the doctrine would be just, i.e., the party had a full and fair opportunity to litigate the issue. McDaniels v. Carlson, 738 P.2d 254, 257 (Wash.1987) (en banc).
 
 
 6
 We have held that "[i]ssue preclusion applies in ... [section] 1983 actions, and the prior state judgments have full preclusive effect even if the plaintiff had no opportunity to litigate the claim in a federal forum." Hawkins v. Risley, 984 F.2d 321, 323 (9th Cir.1993) (per curiam) (citation omitted). Furthermore, "issue preclusion prevents relitigation of all 'issues of fact or law that were actually litigated and necessarily decided' in a prior proceeding." Robi v. Five Platters, Inc., 838 F.2d 318, 322 (9th Cir.1988) (quoting Segal v. American Tel. & Tel. Co., 606 F.2d 842, 845 (9th Cir.1979)).
 
 
 7
 Here, because the constitutionality of the two searches and seizures was actually litigated and necessarily decided against Gocken during the state suppression hearing, he may not relitigate the Fourth Amendment claim in the instant action. See Allen v. McCurry, 449 U.S. 90, 105 (1980) (state court's denial of defendant's suppression motion barred subsequent federal section 1983 action raising same claim). Despite his conclusory allegation, Gocken has failed to produce any evidence showing that the state proceeding was not a full and fair hearing; therefore, he has also failed to show the state court did not protect his federal rights. See id. at 104; see also Hawkins, 984 F.2d at 325.
 
 II
 Failure to State a Claim
 
 8
 Gocken contends the police officers violated his due process rights by seizing his personal property from the residence, impounding it, and releasing it without giving him either a pre- or post-deprivation hearing.
 
 
 9
 Even assuming that the officers' conduct violated Gocken's procedural due process, we do not address this contention because Gocken has not availed himself of the post-deprivation remedies in the Washington state courts. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (rejecting petitioner's procedural due process claim for alleged intentional deprivation of property by state employees where a meaningful post-deprivation remedy for the loss was available); see also Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1352 (9th Cir.1981) (rejecting petitioner's section 1983 claim alleging violation of procedural due process for alleged assault and battery where he failed to pursue post-deprivation hearing in state court), aff'd, 460 U.S. 719 (1983); cf. Rutherford v. City of Berkeley, 780 F.2d 1444, 1448 (9th Cir.1986) (substantive due process claims may state a claim under section 1983 despite the availability of a state remedy).[1]
 
 III
 Leave to Amend
 
 10
 Gocken contends that the district court erred by denying his motion for leave to amend his complaint to include two additional claims of alleged illegal arrest and detention in violation of the Fourth Amendment, and alleged prejudicial pretrial publicity in violation of the Fourteenth Amendment Due Process Clause.
 
 
 11
 "We review for abuse of discretion the district court's decision to deny leave to amend after a responsive pleading has been filed." Schlacter-Jones v. General Tel., 936 F.2d 435, 443 (9th Cir.1991).
 
 
 12
 "Leave to amend a complaint 'shall be freely given when justice so requires.' " Jones v. Community Redevelopment Agency, 733 F.2d 646, 650 (9th Cir.1984) (quoting Fed.R.Civ.P. 15(a)). Nonetheless, the policy of allowing the amendment of pleadings "must be tempered with considerations of 'undue delay, bad faith or dilatory motive on the part of movant, ... undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.' " Schlacter-Jones, 936 F.2d at 443 (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).
 
 
 13
 Here, Gocken requested leave to amend his complaint to include a Fourth Amendment claim that he was illegally arrested and detained, and a due process claim that he was subjected to prejudicial pretrial publicity because the defendants' allegedly referred to him as the "killer" before trial. These claims, however, should be raised under habeas corpus, not section 1983. See 28 U.S.C. Sec. 2254(a). Furthermore, section 2254 claims require the exhaustion of state remedies. See Henry v. Estelle, 993 F.2d 1423, 1425 (9th Cir.1993). Because Gocken has not exhausted his state remedies, we decline to construe these claims as brought pursuant to section 2254. We therefore conclude that the district court did not abuse its discretion by denying Gocken's motion for leave to amend. See Schlacter-Jones, 936 F.2d at 443.
 
 IV
 Appointment of Counsel
 
 14
 Finally, Gocken contends the district court erred by denying his motion to appoint counsel.
 
 
 15
 We review for abuse of discretion the district court's denial of a motion for appointment of counsel. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991).
 
 
 16
 In civil cases, the district court may appoint counsel in exceptional circumstances. 28 U.S.C. Sec. 1915(d); Terrell, 935 F.2d at 1017. In considering whether exceptional circumstances exist, the court must evaluate (1) the plaintiff's likelihood of success on the merits; and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Terrell, 935 F.2d at 1017.
 
 
 17
 Here, as previously discussed, the majority of Gocken's claims were either barred by collateral estoppel or failed to state a cause of action under section 1983. Gocken exhibited no inordinate difficulty articulating his legal claims. Therefore, the district court did not abuse its discretion by refusing to appoint counsel for Gocken.[2] See id.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Gocken's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent Gocken attempts to state a claim of municipal liability against the City, we reject the contention. Municipal liability requires an initial showing that the individual police officers violated his constitutional rights. See Palmerin v. City of Riverside, 794 F.2d 1409, 1414 (9th Cir.1986) ("absent any constitutional violations by the individual defendants, there can be no ... [municipal] liability"). Because the officers did not violate Gocken's Fourth Amendment rights, this contention must fail. Id. at 1415
 
 
 [2]
 We have fully examined Gocken's remaining contentions and deny them as either frivolous or moot