137 F.3d 1124
 98 Cal. Daily Op. Serv. 1494, 98 Daily Journal
D.A.R. 2069
Andres M. MARTINEZ, Plaintiff-Appellant,
v.
James GOMEZ; K.W. Prunty; J. Cuevas; J.W. Davis; G.L.
Mudra; G.D. Stanford; W. Owen; M. Atkinson; D.
Rockholt; J. Stovall, Defendants-Appellees.
 No. 96-56208.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Feb. 5, 1998.*
Decided March 3, 1998.
As Amended May 1, 1998.
 
 Andres M. Martinez, Corcoran, California, pro se appellant.
 David H. Robinson, Deputy Attorney General, San Diego, California, for defendants-appellees.
 Appeal from the United States District Court for the Southern District of California; Marilyn L. Huff, Chief District Judge, Presiding. D.C. No. CV-96-00271-MLH.
 Before: WALLACE, TROTT, and HAWKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this case, we consider whether a prison sentence of life with the possibility of parole falls within California Civil Procedure Code § 352(a)(3), which tolls the statute of limitations for persons "in execution under the sentence of a criminal court for a term less than for life." The district court had jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 1983. We have jurisdiction over this timely filed appeal pursuant to 28 U.S.C. § 1291, and we reverse and remand.
 
 
 2
 Martinez is serving a life sentence with the possibility of parole. On February 14, 1996, he filed an action under 42 U.S.C. § 1983, alleging that prison officials used excessive force in extracting him from his cell in 1994. The district court dismissed his complaint on the ground that it was barred by the one-year statute of limitations applicable in California. See McDougal v. County of Imperial, 942 F.2d 668, 672-73 (9th Cir.1991).
 
 
 3
 We have a threshold jurisdictional issue. The State points out that the district court's dismissal of Martinez's complaint was without prejudice and asserts that it is a non-final order. A dismissal of a complaint without prejudice is not a final order. It must be so treated if the complaint can be saved through amendment and the plaintiff has not affirmatively elected to stand on the dismissed complaint. See WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir.1997) (en banc). In this case, leave to amend was not specifically allowed and Martinez cannot amend his complaint to defeat the statute of limitations bar. "It would always be helpful if district courts made their intentions in [regard to finality] both plain and explicit." Id. However, here it is clear that there is nothing further Martinez can do and the district court must have intended this order to end the case. Therefore, we treat the dismissal as a final order.
 
 
 4
 To claim the benefit of the section 352(a)(3) tolling provision, Martinez relies on Bianchi v. Bellingham Police Department, 909 F.2d 1316, 1319 (9th Cir.1990), in which we held that a sentence of life with the possibility of parole counted as a term of less than for life under Washington's tolling statute. Bianchi, however, was decided under Washington law, and we deal here with a California statute. Bianchi was not meant to be a circuit-wide rule. State law governs both the statute of limitations and the tolling of the statute. Wilson v. Garcia, 471 U.S. 261, 266, 105 S.Ct. 1938, 1941-42, 85 L.Ed.2d 254 (1985) (Wilson ) (statute of limitations); Board of Regents v. Tomanio, 446 U.S. 478, 488, 100 S.Ct. 1790, 1797, 64 L.Ed.2d 440 (1980) (tolling). While Bianchi may provide helpful analysis, we must look to California law to decide the issue before us.
 
 
 5
 When we do so, we discover important differences which may (or may not) lead California courts to a different result. For example, the California parole statute, Cal.Penal Code § 3046, unlike Washington's, see Wash. Rev.Code § 9.95.115, makes no distinction between sentences of life with the possibility of parole and those without the possibility of parole.
 
 
 6
 We are not unmindful of the logic of the district court: "Because Martinez was not sentenced to a term for less than life, regardless of the potentialities of parole or pardon, section 352 does not apply." Nevertheless, it is the California law which must be applied, an analysis not developed by the district court.
 
 
 7
 Our review of the California law has not led to a precise answer. Martinez relies upon Grasso v. McDonough Power Equipment, Inc., 264 Cal.App.2d 597, 599-601, 70 Cal.Rptr. 458, 459-60 (1968), in which the California Court of Appeal held that a prisoner serving a life sentence received the benefit of section 352(a)(3). The State persuasively argues that Grasso is no longer the California law because of certain statutory changes. Primarily, the State argues that Grasso's reasoning is grounded in an indeterminate sentencing scheme no longer in use in California. See generally People v. Yates, 34 Cal.3d 644, 649, 194 Cal.Rptr. 765, 669 P.2d 1, 3-4 (1983). We understand the argument and are not unsympathetic to it. But our role is to determine what the California law is, not what it should be. See Wilson, 471 U.S. at 271, 105 S.Ct. at 1944. Whether Grasso should be overruled or whether section 352(a)(3) should be amended so as to exclude prisoners serving life sentences is a matter we must leave to the California courts and California legislature. Until we receive a clearer signal from either, we conclude that Grasso remains the most accurate prediction of what the California Supreme Court would hold as the law.
 
 
 8
 Because Martinez can claim the benefit of section 352(a)(3), his claim is not time-barred.
 
 
 9
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4