[No. 6737–8–III.   Division Three.   October 22, 1985.]

ANTHONY Z. HECKART, *Appellant,* v. THE CITY
OF YAKIMA, *Respondent.*

*Patrick M. Andreotti* and *Flower & Andreotti,* for appellant.

*Robert L. Christie* and *Waitt, Johnson & Martens,* for respondent.

PER CURIAM.—Anthony Heckart appeals the dismissal of his action against the City of Yakima, which he filed 3 years after his allegedly false arrest by a Yakima police officer. Both the Superior Court, and the Commissioner of this court on a motion on the merits, applied RCW 4.16.100(1), which establishes a 2–year limitation period for: "an action for libel, slander, assault, assault and battery, or *false imprisonment.*" (Italics ours.) Mr. Heckart contends in his motion to modify the Commissioner's ruling that the proper statute of limitation is contained in the catchall statute, RCW 4.16.080, *i.e.,* 3 years. The City contends that under Washington law a false arrest necessarily involves a false imprisonment, and, therefore, the statute of limitation applicable to false imprisonment also applies to false arrest. We agree with the City and affirm.

The two cases relied on by the parties do not

directly address the statute of limitation question presented here. *See Kilcup v. McManus,* 64 Wn.2d 771, 394 P.2d 375 (1964); *Bender v. Seattle,* 99 Wn.2d 582, 664 P.2d 492 (1983). However, *Bender* and *Kilcup* do state that even though false arrest and false imprisonment have different elements, their gist is essentially the same, *i.e.,* the unlawful violation of a person's right of personal liberty. Since a false imprisonment occurs whenever a false arrest occurs, the conclusion that false arrest is also subject to the 2–year limitation period is inescapable. This is the result that has been reached by the courts in several jurisdictions. *See Cowdrey v. Eastborough,* 730 F.2d 1376, 1380 (10th Cir. 1984); *Grooms v. Fervida,* 182 Ind. App. 664, 396 N.E.2d 405, 409 (1979); *Tolman v. K–Mart Enters. of Utah, Inc.,* 560 P.2d 1127, 1128 (Utah 1977). *Accord, Jastrzebski v. New York,* 423 F. Supp. 669, 673 n.1 (S.D.N.Y. 1976).

Therefore, we hold the 2–year statute of limitation contained in RCW 4.16.100(1) applies to actions for false arrest. The judgment of the Superior Court is affirmed.

Review denied by Supreme Court December 18, 1985.