[No. 20869-1-I.   Division One.   August 29, 1988.]

ANGELA ST. MICHELLE, *Appellant,* v. EDWARD ROBINSON, *Respondent.*

310

*James E. Lobsenz* and *Wolfe, Cullen & Lobsenz,* for appellant.

*Fred Leatherman,* for respondent.

WINSOR, J.—Angela St. Michelle filed suit against her father, Edward Robinson, alleging he sexually abused her while she was a minor. St. Michelle appeals the dismissal on motion for summary judgment of her claims for outrage, intentional and negligent infliction of emotional distress, and child abuse.

St. Michelle asserted six causes of action stemming from alleged incidents of sexual assault, the last incident occurring in 1974 or 1975 when she was 8 or 9 years old. The six causes of action alleged were: (1) battery, (2) assault, (3) intentional infliction of emotional distress, (4) negligent infliction of emotional distress, (5) outrage, and (6) child abuse. St. Michelle filed the action 4 days before her 21st birthday.

Robinson denied the allegations and moved for summary judgment contending that all causes of action were barred by the statute of limitations; that as a matter of law, a plaintiff cannot recover for negligent infliction of emotional distress; and that there is no separate cause of action for child abuse in Washington. St. Michelle conceded that her claims for assault and battery were barred by the 2–year statute. She contested the dismissal of the remaining four causes of action. The trial court granted Robinson's motion

on the grounds that the causes of action for outrage and intentional and negligent infliction of emotional distress were barred by the statute of limitations; that as a matter of law, plaintiff could not recover for negligent infliction of emotional distress; and that there is no cause of action for child abuse recognized under Washington law. St. Michelle appeals the dismissal of all her claims except those for assault and battery.

## STATUTE OF LIMITATIONS

St. Michelle contends that the trial court erred in applying the 2–year statute of limitations and dismissing her claims. She asserts that the statute of limitations defense is disfavored by courts and should be narrowly construed; that the fact that one or more causes of action have become time barred does not affect a plaintiff's right to assert other causes of action; and that any uncertainty as to the appropriate limitation period should be resolved in favor of the longer period.

Robinson responds that the claims were properly dismissed under the 2–year statute of limitations because they were closely related to the assault and battery claims, which St. Michelle concedes are time barred.

When a minor is assaulted, the statute of limitations on a civil action for damages is tolled until the victim reaches the age of majority, 18 years. RCW 4.16.190; *Tyson v. Tyson*, 107 Wn.2d 72, 74, 727 P.2d 226 (1986). St. Michelle filed her complaint just before her 21st birthday.

The 2–year statute of limitations, RCW 4.16.100, provides in part:

Within two years:

(1) An action for libel, slander, assault, assault and battery, or false imprisonment.

The trial court dismissed the claims for assault and battery as expressly barred by this statute. The court also concluded:

The remaining four causes of action are essentially actions for assault and are also subject to the same two

year statute of limitations even if not specifically so designated in the statute.

(Citations omitted.)

The 3–year statute of limitations, RCW 4.16.080, provides in part:

> Within three years:
>
> . . .
>
> (2) An action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another not hereinafter enumerated[.]

St. Michelle contends that this catchall statute applies to her claims for intentional and negligent infliction of emotional distress, outrage, and child abuse.

Robinson asserts that St. Michelle's claims for outrage and emotional distress are so closely related to her claims for assault and battery that they should also be subject to the 2–year statute. He relies upon *Eastwood v. Cascade Broadcasting Co.,* 106 Wn.2d 466, 722 P.2d 1295 (1986) and *Heckart v. Yakima,* 42 Wn. App. 38, 708 P.2d 407 (per curiam), *review denied,* 105 Wn.2d 1003 (1985) in support of his position. However, these authorities are distinguishable.

In *Eastwood v. Cascade Broadcasting Co., supra,* the court considered the issue of whether a "false light" invasion of privacy claim is governed by the 2–year statute of limitations for libel and slander (RCW 4.16.100), or the 3–year statute of limitations for injury to the person or rights of another (RCW 4.16.080). In affirming the trial court's dismissal of the false light invasion of privacy claim as barred by the 2–year statute of limitations, the Supreme Court noted that the false light and defamation claims overlap when the statement complained of is both false and defamatory. *Eastwood,* 106 Wn.2d at 471. The court reasoned that all defamation cases are potentially false light cases, and quoted W. Prosser, *Torts* § 117, at 813 (4th ed.

1971), that the false light tort may be capable of "swallowing up and engulfing the whole law of defamation". *Eastwood,* 106 Wn.2d at 471. In addition, the court noted that the similarity between false light and defamation claims has led some courts to apply the same statute of limitations to defamation and false light actions. *Eastwood,* 106 Wn.2d at 471-72. The court concluded: "We are persuaded that because of the duplication inherent in false light and defamation claims that the same statute of limitations is applicable to both actions." *Eastwood,* 106 Wn.2d at 474.

The analysis in *Heckart v. Yakima, supra,* is similar to that in *Eastwood.* Heckart sought damages for false arrest 3 years after his allegedly false arrest by a Yakima police officer. The court affirmed the dismissal of his claim under the 2-year limitation period of RCW 4.16.100(1), which specifically mentions actions for false imprisonment. The court noted that the gist of false arrest is essentially the same as that of false imprisonment, and concluded, "[s]ince a false imprisonment occurs whenever a false arrest occurs, the conclusion that false arrest is also subject to the 2-year limitation period is inescapable." *Heckart,* 42 Wn. App. at 39.

In contrast, the torts of assault and battery are not coextensive with the torts of outrage and infliction of emotional distress. Not every assault and battery is a tort of outrage or infliction of emotional distress, and vice versa. The elements are dissimilar. Further, the gist of assault is the victim's apprehension of imminent physical violence caused by the perpetrator's action or threat, whereas the gist of outrage and infliction of emotional distress is the victim's severe emotional distress caused by the perpetrator's egregious conduct, which need not involve any suggestion of physical violence. There is no indication that the torts of outrage and infliction of emotional distress will "swallow up" the torts of assault and battery. In short, the relationship between the torts in *Eastwood* and *Heckart* that permitted the application of the same limitation period is not present when considering the torts of assault

and battery, on the one hand, and outrage and emotional distress, on the other.

That St. Michelle's remedies for assault and battery are time barred does not necessarily preclude her recovery under other causes of action. Where plaintiff has several remedies for the same cause of action, the fact that one or more remedies have become barred will not affect his or her right to any other remedies that are not barred. *Easton v. Chaffee*, 8 Wn.2d 509, 516, 113 P.2d 31 (1941); *Physicians' & Dentists' Business Bur. v. Dray*, 8 Wn.2d 38, 111 P.2d 568 (1941).

In this case, the 2–year limitation period bars St. Michelle's causes of action for assault and battery. However, we hold that her causes of action for outrage and infliction of emotional distress are not time barred, because the 3–year limitation period is applicable to the torts of outrage and infliction of emotional distress.[1] The trial court erred in dismissing the actions for outrage and infliction of emotional distress as barred by the 2–year statute of limitations.

#### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

St. Michelle next assigns error to the dismissal or her action for negligent infliction of emotional distress. The trial court cited *Rodriguez v. Williams*, 107 Wn.2d 381, 729 P.2d 627 (1986) in support of its conclusion that St. Michelle could not recover for negligent infliction of emotional distress because as a matter of law, any emotional distress was intended by the defendant. St. Michelle contends that the holding of *Rodriguez* is limited to the setting in which it arose, the construction of an exclusion in an

---

[1]Our decision is consistent with a recently enacted statute, which states, in part:

"All claims or causes of action based on intentional conduct brought by any person for recovery of damages for injury suffered as a result of childhood sexual abuse shall be commenced within three years of the act alleged to have caused the injury or condition, or three years of the time the victim discovered or reasonably should have discovered that the injury or condition was caused by said act, whichever period expires later." RCW 4.16.340(1).

insurance policy. Robinson responds that under *Rodriguez,* any emotional distress suffered by a victim of sexual abuse was, as a matter of law, intended by the perpetrator and that the trial court properly dismissed St. Michelle's claim for negligent infliction of emotional distress.

In *Rodriguez v. Williams, supra,* a victim of incest sought recovery for damages under her stepfather's home-owner's insurance policy. The insurer denied coverage on the basis of an exclusion for personal injury which was expected or intended by the insured. However, the exclusion did not apply to any act committed by or at the direction of the insured which was not intended to cause serious bodily injury. The insured claimed that the exclusion did not apply, and submitted an affidavit stating that he at no time expected or intended to cause serious bodily injury to the plaintiff. The trial court granted the insurer's motion for summary judgment denying coverage, holding that the policy did not cover incest irrespective of the perpetrator's actual intent. The Supreme Court affirmed, concluding that intent to cause harm would be inferred from the act of incest even in the absence of an actual subjective intent to harm. *Rodriguez,* 107 Wn.2d at 387. The court held that the insured intended harm as a matter of law when he committed incest, irrespective of his actual subjective intent. *Rodriguez,* 107 Wn.2d at 387.

█ The holding of *Rodriguez* is clearly applicable beyond the construction of insurance policy exclusions. The court noted that the Legislature, by making incest a felony, recognized that incest would harm the victim. *Rodriguez,* 107 Wn.2d at 387. In addition, once the intent to injure is inferred, it is unimportant that the scope of the injuries inflicted is greater than or different from the injuries that objectively might be expected. *Rodriguez,* 107 Wn.2d at 387. In other words, because injury always ensues from incest, the offender as a matter of law is deemed to intend any injury resulting from the act.

St. Michelle has alleged that Robinson committed negligent infliction of emotional distress because he sexually

assaulted her. Assuming arguendo that the sexual abuse occurred, the abuse was an intentional act, and the resulting emotional distress was also intentionally inflicted as a matter of law. Therefore, St. Michelle cannot state a cause of action for the negligent infliction of emotional distress.

### CAUSE OF ACTION FOR CHILD ABUSE

Finally, St. Michelle contends that there is a cause of action for child abuse whenever a parent violates the common law duty to provide minimal care for his or her child. According to St. Michelle, there are no reported appellate decisions explicitly recognizing this cause of action because only recently has the doctrine of parental immunity been relaxed to allow children to sue their parents for torts involving either negligence or willful misconduct, and this court is free to recognize a new cause of action as justice requires. Robinson responds that no such cause of action exists under state law, and there is no reason to create this new cause of action.

■ St. Michelle has not cited, and our research has not revealed, any Washington cases recognizing a specific cause of action for child abuse. Furthermore, St. Michelle has not presented a persuasive argument for recognizing such a cause of action or shown that civil actions based on child abuse cannot be adequately prosecuted under conventional tort doctrines. To the contrary, the variety of causes of action under conventional tort law set forth in St. Michelle's complaint illustrates the extent to which existing tort law can redress the wrongs suffered by victims of child abuse.

We reverse the dismissal of the claims for outrage and intentional infliction of emotional distress, and affirm the dismissal of the claims for negligent infliction of emotional distress and child abuse.

COLEMAN, A.C.J., and PEKELIS, J., concur.