COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-080-CV
 
 
SHAUN 
MALONE                                                                   APPELLANT
 
V.
 
BARBARA 
SEWELL                                                                   APPELLEE
 
 
------------
 
FROM 
THE 153RD DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
I.      Introduction
        Shaun 
Malone appeals from the trial court’s grant of summary judgment in favor of 
Barbara Sewell on Malone’s claims for sexual exploitation, breach of fiduciary 
duty, fraud, and sexual assault.  We will affirm in part and reverse and 
remand in part.
II.     Factual 
and procedural background
        Sewell 
was Malone’s psychotherapist from November 1995 until June 1996.  Shortly 
after their therapeutic relationship ended, Malone and Sewell commenced a sexual 
relationship.  The sexual relationship began in Fort Worth, then continued 
when Malone and Sewell moved to Seattle in late 1996. It ended when Malone moved 
back to Texas in April 1998.
        Malone 
sued Sewell in August 2001 for sexual exploitation, breach of fiduciary duty, 
fraud, and sexual assault.  Sewell filed a traditional motion for summary 
judgment, primarily on limitations grounds.  The trial court granted 
Sewell’s motion.  Malone filed this appeal.
III.    Standard of 
review
        In 
a summary judgment case, the issue on appeal is whether the movant met his 
summary judgment burden by establishing that no genuine issue of material fact 
exists and that the movant is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); S.W. Elec. 
Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002); City of Houston v. 
Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).  The burden 
of proof is on the movant, and all doubts about the existence of a genuine issue 
of material fact are resolved against the movant.  S.W. Elec. Power Co., 
73 S.W.3d at 215; Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 
(Tex. 1997); Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 
391 S.W.2d 41, 47 (Tex. 1965).  Therefore, we must view the evidence and 
its reasonable inferences in the light most favorable to the nonmovant.  Great 
Am., 391 S.W.2d at 47.
        In 
deciding whether there is a material fact issue precluding summary judgment, all 
conflicts in the evidence are disregarded and the evidence favorable to the 
nonmovant is accepted as true.  Harwell v. State Farm Mut. Auto. Ins. 
Co., 896 S.W.2d 170, 173 (Tex. 1995).  Evidence that favors the 
movant's position will not be considered unless it is uncontroverted.  Great 
Am., 391 S.W.2d at 47.
        A 
defendant is entitled to summary judgment on an affirmative defense if the 
defendant conclusively proves all the elements of the affirmative defense.  
Rhone-Poulenc, Inc. v. Ramirez, 997 S.W.2d 217, 223 (Tex. 1999).  To 
accomplish this, the defendant-movant must present summary judgment evidence 
that establishes each element of the affirmative defense as a matter of law.  
Ryland Group, Inc. v. Hood, 924 S.W.2d 120, 121 (Tex. 1996).
IV.    Discussion
        In 
four issues, Malone asserts that the trial court erred in granting summary 
judgment.  Each issue addresses one of Malone’s four causes of action.  
We will examine each in turn.
        A.     Sexual 
exploitation
        In 
her first issue, Malone asserts that the trial court erred in granting summary 
judgment on her sexual exploitation claim.  Sewell argued in her summary 
judgment motion that Malone’s sexual exploitation claim was barred by 
limitations because Malone filed suit in August 2001, more than five years after 
the sexual relationship began and more than three years after it ended.  
Malone contends that the summary judgment evidence raises a fact issue as to 
whether limitations was tolled until 1999 under section 81.009(a) of the civil 
practice and remedies code.
        Sexual 
exploitation is a cause of action created by chapter 81 of the Texas Civil 
Practice and Remedies Code. Tex. Civ. 
Prac. & Rem. Code Ann. § 81.001-81.010 (Vernon 2005). Under section 
81.002, a mental health services provider is liable to a patient or former 
patient for damages arising from sexual contact between the patient and the 
mental health services provider or from sexual exploitation of the patient by 
the mental health services provider. Id. § 81.002. “Sexual 
exploitation” means a pattern, practice, or scheme of conduct, which may 
include sexual contact, that can reasonably be construed as being for the 
purpose of sexual arousal or gratification or sexual abuse of any person.  Id. 
§ 81.001(5).
        Section 
81.009 defines a three-year limitations period for a sexual exploitation claim:
  
Except as otherwise provided by this section, an action under this chapter must 
be filed before the third anniversary of the date the patient or former patient 
understood or should have understood the conduct for which liability is 
established under Section 81.002 or 81.003.
 
Id. 
§ 81.009(a).  But the next subsection contains a tolling provision:
  
If a patient or former patient entitled to file an action under this chapter is 
unable to bring the action because of the effects of the sexual exploitation, 
continued emotional dependence on the mental health services provider, or 
threats, instructions, or statements by the mental health services provider, the 
deadline for filing an action under this chapter is tolled during that period, 
except that the deadline may not be tolled for more than 15 years.
 
 
Id. 
§ 81.009(b).
        A 
party moving for summary judgment on the basis of limitations must conclusively 
establish the bar of limitations.  Jennings v. Burgess, 917 S.W.2d 
790, 793 (Tex. 1996).  If the nonmovant asserts that a tolling provision 
applies, the movant must conclusively negate the tolling provision’s 
application to show her entitlement to summary judgment.  Id.  
Therefore, the real issue here is whether Sewell conclusively negated the 
application of section 81.009's tolling provision.
        Both 
parties relied solely on Malone’s deposition testimony and deposition exhibits 
as summary judgment evidence.  Malone points to the following testimony as 
relevant to the tolling question:
  
A.. . . I knew there were prohibitions against me speaking [about the sexual 
relationship].
 
Q. 
What do you mean there were prohibitions against you speaking?
 
A. 
I mean I had been convinced that I was not supposed to ever tell anyone.
 
Q. 
Why were you not supposed to ever tell anyone?
    
A.  
Because [Sewell] didn’t want me to.
        . 
. .
   
Q. 
Do you understand - - or did you have an understanding why she didn’t want you 
to?
 
A.     At 
the time, no.
 
Q.     When 
did you gain an understanding?
 
A.     About 
the time that I - - about June of ‘99.
 
Q. 
Did she ever threaten you not to - - what she would do if you told someone?
 
A.     Yes.
 
Q.     Overtly?
  
A.     I 
think so.
 
Q.     What 
did she say?
   
A. 
That if my parents knew how crazy I was, they would put me in a mental 
institution.
  
Q. 
My question is: Did she ever threaten you that she would do something bad or do 
something that you did not want her to do if you told someone about your 
relationship with her?
 
A.     No, 
she never said that.
 
 
Malone 
argues that her testimony raises a fact issue as to whether she was “unable to 
bring the action” because of “threats, instructions, or statements by the 
mental health provider.”  We agree.  Considering the evidence in the 
light most favorable to Malone, as we must do, Malone’s testimony is some 
evidence that Sewell made instructions or statements, if not threats, that 
deterred Malone from speaking out and thus from filing suit within three years 
of the sexual relationship.  This is sufficient to raise a fact question on 
limitations tolling under section 81.009(b).
        Elsewhere 
in her deposition, Malone testified as follows:
Q.     
Did you think it was a bad idea to have a relationship with your therapist?
 
A.     No.
 
Q.     Why 
not?
 
A.     
Because I was not capable of assessing that at that point.
 
Q.     
You don’t remember thinking at the time that there’s something wrong with 
it?
  
A.     No.
 
Q.     
When did you first decide that there was something wrong with it?
  
A.     
I believe it was in the summer of ‘99. It was a week or so before I called 
[Malone’s attorney].
 
 
Sewell 
argues that Malone’s failure to understand that the sexual relationship was 
“wrong” does not trigger chapter 81‘s tolling provision.  This may be 
true, but it does not address Malone’s argument, nor does it conclusively 
negate the application of the tolling provision.  The tolling provision is 
triggered by Sewell’s alleged “instructions or statements.”  The 
summary judgment evidence raises a fact issue on the application of the tolling 
provision.  The evidence does not conclusively prove that the tolling 
effect expired more than three years before Malone filed suit.
        We 
hold that the trial court erred in granting summary judgment on Malone’s 
sexual exploitation claim because Sewell failed to conclusively negate the 
application of section 81.009‘s tolling provision.  We sustain Malone’s 
first issue.
        B.     Breach of 
fiduciary duty
        In 
her second issue, Malone asserts that the trial court erred in granting summary 
judgment on Sewell’s limitations defense to Malone’s breach of fiduciary 
duty claim.  According to Malone, Sewell breached her fiduciary duty by 
“sitting really close” to Malone and hugging and caressing her, giving 
Malone a book that advocated sexual relationships between therapists and 
patients, and asking Malone on a date, all during therapy sessions.  For 
purposes of this opinion, we will assume, as do the parties, that these acts 
breached Sewell’s fiduciary duty.
        A 
claim for breach of fiduciary duty is subject to the four-year statute of 
limitations. Tex. Civ. Prac. & Rem. Code Ann. § 
16.004(a)(5) (Vernon 2002).  Malone concedes that the alleged breach of 
fiduciary duty occurred during the therapy relationship, which ended over five 
years before Malone filed suit.  Thus, absent some exception to 
limitations, Malone’s claim is barred.  Malone asserts three exceptions: 
the discovery rule, the continuing tort doctrine, and estoppel by fraud.
                1.     Discovery 
rule
        The 
discovery rule exception to limitations defers accrual of a cause of action 
until the plaintiff knows or, by exercising reasonable diligence, should know of 
the facts giving rise to the claim.  Wagner & Brown, Ltd. v. Horwood, 
58 S.W.3d 732, 734 (Tex. 2001).  The discovery rule is a “very limited 
exception” to limitations when the injury is both inherently undiscoverable 
and objectively verifiable.  Schneider Nat. Carriers, Inc. v. Bates, 
147 S.W.3d 264, 279 (Tex. 2004).  An injury is inherently undiscoverable if 
it is, by its nature, unlikely to be discovered within the prescribed 
limitations period despite due diligence.  Horwood, 58 S.W.3d at 
734-35.  “Inherently undiscoverable” does not mean that a particular 
plaintiff did not discover his or her particular injury within the applicable 
limitations period.  Id. at 735.  The requirement of inherent 
undiscoverability recognizes that the discovery rule exception should be 
permitted only in circumstances in which it is difficult for the injured party 
to learn of the wrongful act or omission.  Computer Assocs. Int’l, 
Inc. v. Altai, Inc., 918 S.W.2d 453, 456 (Tex. 1996).  A defendant 
seeking summary judgment on the basis of limitations must prove when the cause 
of action accrued and must negate the discovery rule by proving as a matter of 
law that there is no genuine issue of fact about when the plaintiff discovered 
or should have discovered the injury.  Burns v. Thomas, 786 S.W.2d 
266, 267 (Tex. 1990).
        Sewell 
argues that Malone’s deposition testimony proves as a matter of law that 
Malone knew or should have known about the alleged breach of fiduciary duty more 
than four years before she filed suit.  Malone testified that she wrote on 
the night after her last therapy session, either as a letter to Sewell or in a 
journal, “I have not talked to anyone about you and will continue to protect 
you in that way.”  She testified that before her therapy with Sewell 
ended, Sewell told Malone that she needed to know that Malone would not sue her. 
Also before the end of the therapy relationship, Malone wrote in a journal, 
“Legal action, I know it’s there, but I will not use it against a sister who 
dared to follow her heart against a powerful system of heartless rules.”
        Malone 
responds by pointing to her own testimony that she did not “think it was a bad 
idea to have a [sexual] relationship with a therapist” because she “wasn’t 
capable of assessing that at that point.”  Malone testified that she 
first decided “that there was something wrong with it” in the summer of 
1999.  But this testimony relates to the sexual relationship after the 
therapy relationship ended, not to Sewell’s alleged breach of fiduciary duty 
during the relationship.
        We 
hold that Malone’s testimony proves as a matter of law that she knew of the 
facts underlying her breach of fiduciary claim at least by the summer of 1996, 
and she even contemplated legal action at that time.  Even if the discovery 
rule applies to this cause of action, it will not extend the statute of 
limitations to within four years of the date Malone filed suit.
                2.     Continuing 
tort doctrine
        The 
continuing tort doctrine involves continuing wrongful conduct and continuing 
injury.  Dickson Constr., Inc. v. Fid. and Deposit Co. of Maryland, 
960 S.W.2d 845, 851 (Tex. App.—Texarkana 1997, no writ).  Malone contends 
that her sexual relationship with Sewell after the therapy relationship 
terminated was simply a continuation of the breach of fiduciary duty that 
allegedly occurred during the therapy relationship, and that the statute 
of limitations did not begin to run until the sexual relationship ended.  
We disagree.
        Malone’s 
contention fails because Sewell’s fiduciary duty to Malone ended when the 
therapy relationship ended.  Savage v. Psychiatric Institute of Bedford, 
Inc., 965 S.W.2d 745, 754 (Tex. App.—Fort Worth 1998, pet. denied) 
(holding fiduciary relationship ends when physician-patient relationship 
ends).  Thus, Sewell’s alleged breach of fiduciary duty could not, as a 
matter of law, continue beyond the end of the therapy relationship in June 1996.
        We 
hold that the continuing tort doctrine does not apply to Malone’s breach of 
fiduciary duty claim.
                3.     Estoppel 
by fraud
        Estoppel 
by fraud or fraudulent concealment is based on the doctrine of equitable 
estoppel.  Mitchell Energy Corp. v. Bartlett, 958 S.W.2d 430, 439 
(Tex. App.—Fort Worth 1997, pet. denied).  Where applicable, fraudulent 
concealment estops a defendant from relying on the statute of limitations as an 
affirmative defense to the plaintiff’s claim.  Id.  Unlike 
the discovery rule, which determines when the limitations period begins to run, 
the doctrine of fraudulent concealment tolls or suspends the running of 
limitations after it has begun because the defendant concealed from the 
plaintiff facts necessary for the plaintiff to know that she had a cause of 
action. Id. But the estoppel effect of fraudulent concealment is not 
permanent. Id. Knowledge of facts, conditions, or circumstances that 
would cause a reasonable person to make inquiry leading to the discovery of a 
concealed cause of action is equivalent to knowledge of the cause of action for 
limitations purposes.  Id. The elements of fraudulent concealment 
are (1) the existence of the underlying tort, (2) the defendant's knowledge of 
the tort, (3) the defendant’s use of deception to conceal the tort, and (4) 
the plaintiff’s reasonable reliance on the deception.  Id. Once 
the defense of limitations is conclusively established, and the plaintiff 
resists summary judgment by asserting fraudulent concealment, the burden is on 
the plaintiff to raise a fact issue on each element of fraudulent 
concealment.  See American Petrofina, Inc. v. Allen, 887 S.W.2d 829, 
830 (Tex. 1994).
        Malone 
argues that Sewell fraudulently led her to believe that she would suffer 
long-term psychological damage if she did not enter into a personal relationship 
with Sewell. But Malone does not point to evidence that raises a fact issue on 
the third and fourth elements of fraudulent concealment, deception to conceal 
the tort and reasonable reliance, and we find none in the record.  As we 
noted in our discussion of the discovery rule, Malone testified that Sewell 
asked Malone for assurances that she would not sue her.  This testimony 
suggests the very opposite of deception and concealment. We hold that Malone 
failed to raise a fact issue on all of the essential elements of fraudulent 
concealment.
        Having 
concluded that there is no fact issue on any of the three exceptions to 
limitations raised by Malone, we overrule her second issue.
        C.     Fraud
        In 
her third issue, Malone contends that the trial court erred in granting summary 
judgment on her fraud claim.  As the basis of her fraud claim, Malone 
alleged that “Sewell falsely misrepresented [sic] to [Malone] that their 
relationship was acceptable and would not hurt [Malone].”  Sewell argued 
in her motion for summary judgment that Malone’s fraud claim was barred by 
limitations, that Malone did not rely on Sewell’s alleged statements, and that 
the alleged misrepresentations were opinions and statements about future events.
        The 
elements of common-law fraud are (1) a material representation, (2) that is 
false, (3) which was either known to be false when made or was made recklessly 
without knowledge of its truth, (4) with the intent that the representation be 
relied upon, (5) that it was relied upon, and (6) which caused injury. See 
Johnson & Johnson Med., Inc. v. Sanchez, 924 S.W.2d 925, 929-30 (Tex. 
1996).  Common law fraud claims have a four-year statute of 
limitations.  See Williams v. Khalaf, 802 S.W.2d 651, 653 
(Tex. 1990) (op. on reh'g).  Limitations generally does not begin to run 
until the fraud is discovered or until it might have been discovered by the 
exercise of reasonable diligence.  See Little v. Smith, 943 S.W.2d 
414, 420 (Tex. 1997).
        Malone 
did not explicitly state in her petition when Sewell made the alleged 
misrepresentations.  But she did allege that Sewell made the statements to 
induce Malone to enter into an “intimate” relationship with her.  Thus, 
Sewell would have made the alleged misrepresentations before Malone and Sewell 
began a sexual relationship in 1996—more than four years before Malone filed 
suit.  Absent some exception to limitations, Malone’s fraud claim is 
time-barred. Malone asserts that limitations did not begin to run until her 
sudden epiphany that the relationship “was a bad idea” in 1999.
        Sewell 
points to Malone’s deposition testimony and letters from Malone to Sewell to 
show that Malone knew that the alleged misrepresentation was false more than 
four years before she filed suit.  In her deposition, Malone acknowledged 
writing the following words in a letter to Sewell in June or July 1996:
  
Elizabeth and Carter [characters in a book about therapist-patient 
relationships] were in love. . . . They both had spouses, partners, too, so 
along with “THE RULES” they were truly “off limits” . . . . So our 
situation is a little different.  We don’t have partners. . . .
 
Malone 
testified that by “the rules” she meant “that a therapist and client 
should never get involved.”  This testimony, argues Sewell, proves that 
Malone knew in 1996 that a relationship with Sewell was not acceptable; 
therefore, Malone knew that Sewell’s alleged representation was false.  
We agree.
        We 
hold that Malone’s 1996 letter proves as a matter of law that Malone knew or 
should have known that a therapist-patient relationship was unacceptable and 
that Sewell’s alleged representation to the contrary was false.  Assuming 
that the alleged misrepresentation is a basis for a fraud claim, Malone’s 
fraud claim is barred by limitations.  We overrule Malone’s third issue.
        D.     Sexual 
assault
        In 
her last issue, Malone argues that the trial court erred by applying 
Washington’s three-year statute of limitations instead of Texas’s five-year 
statute to Malone’s sexual assault claim.  Sewell replies that the Texas 
“borrowing statute” requires application of the Washington limitations 
period to the sexual assault claim.  Malone, in turn, contends that Sewell 
is not entitled to summary judgment under the borrowing statute because she 
failed to prove conclusively that the alleged sexual assault occurred in 
Washington.  We agree with Malone.
        Section 
16.0045 of the civil practice and remedies code defines Texas’s statute of 
limitations for sexual assault as follows:
  
A person must bring suit for personal injury not later than five years after the 
day the cause of action accrues if the injury arises as a result of conduct that 
violates:
 
        (1) 
   Section 22.011, Penal Code (sexual assault); or
 
        (2) 
   Section 22.021, Penal Code (aggravated sexual 
assault).
  
Tex. Civ. Prac. & Rem. Code Ann. § 
16.0045(a)(Vernon 2002). The penal code, in turn, precisely defines sexual 
assault as follows:
        § 
22.011. Sexual Assault
         (a)    A 
person commits an offense if the person:
 
                (1)    intentionally 
or knowingly:
 
(A) 
causes the penetration of the anus or sexual organ of another person by any 
means, without that person's consent;
 
(B) 
causes the penetration of the mouth of another person by the sexual organ of the 
actor, without that person's consent; or
 
(C) 
causes the sexual organ of another person, without that person's consent, to 
contact or penetrate the mouth, anus, or sexual organ of another person, 
including the actor; . . . .
 
 
Tex. Penal Code Ann. § 22.011(a)(1) 
(Vernon Supp. 2004-05).
 
        Though 
Washington does not have a specific statute of limitations for adult sexual 
assault, Washington’s “catch-all” three-year statute of limitations has 
been applied in a sexual abuse case.  See St. Michelle v. 
Robinson, 759 P.2d 467, 469-70 (Wash. App. 1988).
        The 
Texas borrowing statute, section 71.031 of the civil practice and remedies code, 
is essentially a codified choice-of-law rule that borrows the statute of 
limitations of the foreign state where an injury occurred when the claimant is 
not a resident of Texas.  Tullis v. Georgia-Pacific Corp., 45 S.W.3d 
118, 126 (Tex. App.—Fort Worth 2000, no pet.).  The relevant part of the 
statute reads as follows:
  
An action for damages for . . . personal injury of a citizen of this state, of 
the United States, or of a foreign country may be enforced in the courts of this 
state, although the wrongful act, neglect or default causing the . . . injury 
takes place in a foreign state . . . if:
 
         . 
. .
  
(2)the 
action is begun in this state within the time provided by the laws of this state 
for beginning the action; [and]
  
(3)for 
a resident of a foreign state or country, the action is begun in this state 
within the time provided by the laws of the foreign state or country in which 
the wrongful act, neglect or default took place; . . . .
 
 
Tex. Civ. Prac. & Rem. Code Ann. § 
71.031(a) (Vernon Supp. 2004-05).  In applying the borrowing statute, we 
look to the claimant’s residency at the time the cause of action 
accrued.  Tullis, 45 S.W.3d at 125.
        To 
determine whether the summary judgement evidence compels application of 
Washington’s three-year limitations period to Malone’s sexual assault, we 
must examine the evidence in light of the borrowing statute, the Texas statute 
of limitations, and the penal code definition of sexual assault. The borrowing 
statute applies if the sexual assault “took place” in Washington and Malone 
was a nonresident of Texas when the claim accrued.  Tex. Civ. Prac. & Rem. Code Ann. § 
71.031(a)(3); see Tullis, 45 S.W.3d at 125.  The sexual assault 
“took place” in Washington if Sewell committed one or more of the acts 
defined by penal code section 22.011(a)(1) in Washington.  Malone’s 
petition does not specify whether the alleged sexual assault took place in 
Texas, Washington, or both states.  Thus, to even reach the question of 
whether the borrowing statute applies, Sewell’s summary judgment evidence must 
conclusively establish that if a sexual assault took place, it took place in 
Washington; that is, that Sewell committed one or more of the acts defined by 
penal code section 22.011(a)(1) in Washington.  Sewell has not carried this 
heavy burden.
        The 
summary judgment evidence does not prove conclusively that the alleged sexual 
assault took place in Washington.  As we noted above, the evidence consists 
of Malone’s deposition testimony and a few letters or journal entries.  
Sewell points to several pages in Malone’s deposition as proof that the 
alleged sexual assault took place in Washington.  But the testimony on 
those pages proves only that Malone was a resident of Washington from October 
1996 through April 1998.  We have carefully reviewed Malone’s entire 
deposition and find no testimony proving that any of the specific conduct listed 
in penal code section 22.011(a)(1) took place in Washington.  The only 
testimony concerning sexual contact of any kind in Washington appears on page 
143 of Malone’s deposition, as follows:
   
[S]he used me sexually for gratification and then she would get up and walk away 
and it was not – it was not two-sided.
 
This 
testimony does not necessarily imply a sexual assault as defined by the penal 
code and does not conclusively prove that the alleged sexual assault took place 
in Washington.
        Because 
the summary judgment evidence does not conclusively prove that the alleged 
sexual assault took place in Washington, we do not reach the question of whether 
the borrowing statute requires the application of Washington’s three-year 
statute of limitations.  Sewell did not establish her entitlement to 
summary judgment under Washington’s statute of limitations.
        Sewell 
also argues that Malone’s sexual assault claim is barred under the Texas 
statute of limitations because Malone alleges that Sewell sexually assaulted her 
during their therapist-patient relationship, which ended more than five years 
before Malone filed suit.  But according to Malone’s deposition 
testimony, the sexual assault did not begin until after the therapist-patient 
relationship ended.  Sewell failed to prove to prove that the sexual 
assault, if any, occurred more than five years before Malone filed suit.  
Thus, Sewell is not entitled to summary judgment under Texas’s five-year 
statute of limitations.
        We 
therefore conclude that the trial court erred in granting summary judgment on 
Malone’s sexual assault claim.  We sustain Malone’s fourth issue.
V.     Conclusion
        We 
sustain Malone’s first and fourth issues.   We overrule her second and 
third issues.   We therefore affirm the trial court’s summary 
judgment in part, reverse it in part, and remand this cause for further 
proceedings on Malone’s sexual exploitation and sexual assault claims.   See 
Tex. R. App. P. 43.2(a), (d).
  
   
                                                          ANNE 
GARDNER
                                                          JUSTICE
    
  
PANEL 
A:   CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.
CAYCE, 
C.J. dissents without opinion.[1]
DELIVERED: 
June 23, 2005

 
NOTES
1.  
Cayce, C.J. would overrule Malone’s first and fourth issues and affirm the 
trial court’s judgment in its entirety.